# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

ANGELA HARRELL,                          )
                                         )
        *Plaintiff*,                 )
                                         )
v.                                       )          3:07-cv-383
                                         )          *Phillips*
GRAINGER COUNTY, TENNESSEE,              )
et al.,                                  )
                                         )
        *Defendants*.               )

## <u>MEMORANDUM</u>

This is a civil rights action pursuant to 42 U.S.C. § 1983.  The matter is before the court on the motions for summary judgment filed by defendants Elizabeth Winstead, Adam Morgan, Robbie Rich, Danny Lamb, Marilyn Messer, T.J. Holt, Trenedy Brooks, Troy Bernard, James Harvell, and Andy Dossett, and plaintiff's responses thereto.  Plaintiff concedes that defendants Lamb and Bernard were misidentified and are entitled to judgment as a matter of law, and that defendant Harvell is entitled to judgment as a matter of law in his individual capacity; accordingly, the motions for summary judgment filed by Danny Lamb, Troy Bernard, and James Harvell will be **GRANTED**.  For the following reasons, the remaining motions for summary judgment will be **GRANTED**.  In addition, plaintiff will be **ORDERED** to **SHOW CAUSE** why this action should not be dismissed as to defendant Grainger County, Tennessee, and defendant James Harvell in his official capacity.

I.    <u>Standard of Review</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). *See also Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *Securities and Exchange Commission v. Blavin*, 760 F.2d 706, 710 (6th Cir. 1985). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

> Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. *Id.* 106 S.Ct. at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

*60 Ivy Street Corp. v. Alexander*, 822 F.2d at 1435-36.

Once the moving party presents evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to a trial merely on the basis of allegations. The non-moving party must present some significant probative evidence to support its position. *White v. Turfway Park Racing Association, Inc.*, 909 F.2d 941, 943-44 (6th Cir. 1990); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Mere allegations of a cause of action will no longer suffice to get a plaintiff's case to the jury. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Summary judgment should not be disfavored and may be an appropriate avenue for the "just, speedy and inexpensive determination" of an action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.


II.     Factual Background

Plaintiff filed this action concerning an injury she received during her confinement in the Grainger County Detention Center and a subsequent denial of medical care for that injury. The defendants are Grainger County, Tennessee, Sheriff James Harvell, Chief Andy Dossett, Marilyn Messer, Liz Winstead, Adam Morgan, Robbie Rich, Troy Bernard, T.J. Holt, Danny Lamb, and Trenedy Brooks.

3

Plaintiff specifically alleges that on or about October 6, 2006, she was arrested and transported to the Grainger County Detention Facility. While being booked and processed, plaintiff informed the jailers she suffered from a back injury, was unable to lift heavy objects, and was on prescribed medication. Nevertheless, she was ordered to carry a mattress up a flight of stairs to a cell. At the top of the stairs, her back "popped" and, after being escorted to her cell, her legs went out from under her and she fell to the floor. She alleges she sustained additional injury to her lower back, which began to swell and a large knot formed, and she was unable to stand up. Plaintiff alleges that she was left on the cell floor for approximately 20 minutes, until an ambulance was dispatched and she was transported to Jefferson Memorial Hospital.

Plaintiff alleges that she was x-rayed at the hospital, an injury to her back was found, and she was given a prescription for pain medication. After being informed that plaintiff could not have narcotic drugs in the jail, the doctor provided written instructions for plaintiff's care and ordered that she be given Tylenol and/or ibuprofen at regular intervals to deal with the swelling. Plaintiff was then returned to the Grainger County Detention Center, where she remained until October 12, 2006. Plaintiff alleges she never received any medication and was told the jail had run out of the medication.

Plaintiff also alleges that Chief Dossett place a hold on her release from jail. According to plaintiff, the hold was not authorized by any court and prevented her from bonding out.

4

III.   Discussion

The court notes that in her original complaint, as amended, plaintiff alleged generally that the individual defendants caused injury to plaintiff, subjected her to cruel and unusual punishment, denied her proper medical treatment, and deprived her of the due process of law. Plaintiff also alleged that Grainger County, Tennessee, and Sheriff James Harvell were guilty of improper training and supervision of the individual defendants.

The only specific factual allegations against individual defendants, however, were as follows:  that Adam Morgan and Robbie Rich left her on the floor of her cell for approximately twenty minutes; that Trenedy Brooks told the doctor that plaintiff could not have narcotics in the jail and that Trenedy Brooks received the doctor's written instructions for plaintiff's care; that Adam Morgan and Robbie Rich refused to give plaintiff pain medication, claiming the jail had run out; and that Chief Andy Dossett placed an illegal hold upon plaintiff's release.  [Court File Nos. 1 and 2, Complaint and Amended Complaint, respectively].

In her affidavit filed in response to the motions for summary judgment, plaintiff made following factual allegations:  Elizabeth Winstead ordered plaintiff to carry the mattress up the stairs, despite being told of plaintiff's back problem; after plaintiff fell in her cell, Adam Morgan accused her of faking the condition; when plaintiff was released from the hospital, the doctor indicated she needed narcotic medication for pain and Trenedy Brooks told the doctor that plaintiff could not have narcotics in the jail; plaintiff was in the Grainger County

5

Jail from October 7 through October 12, 2006, and at no time did she see the jail nurse or jail physician; Adam Morgan refused to give plaintiff pain medication, stating that the jail was out of medication; Robbie Rich told plaintiff on several occasions that the jail was out of pain medication; Marilyn Messer conspired with Andy Dossett to keep plaintiff from making bond; T.J. Holt was present when plaintiff asked for and was denied medication; while laying on the floor of the cell waiting on the ambulance, plaintiff was in extreme pain and was told by Adam Morgan and Elizabeth Winstead to not move; prior to being arrested plaintiff had a very serious back injury as a result of a car accident in 2001. [Court File No. 80, Affidavit of Angela Harrell, pp. 1-4].

Plaintiff was a pretrial detainee in the Grainger County Detention Center at the time of her alleged injury. Although the Eighth Amendment prohibition against cruel and unusual punishment is applicable only to those convicted of crimes, *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977), its protection extends to pretrial detainees under the Due Process Clause of the Fourteenth Amendment and plaintiff's complaint must therefore be analyzed under the Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) ("It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992) ("While a pretrial detainee does not enjoy protection of the Eighth Amendment, the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights under the Fourteenth Amendment".).

The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires an inmate to establish that he or she is suffering from a sufficiently serious medical need, such that "'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

The subjective component necessitates an inmate show that a prison official possessed "'a sufficiently culpable state of mind.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. at 834). "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. at 836). Negligence, even gross negligence, will not support a § 1983 claim for denial of medical care. *See Farmer v. Brennan*, 511 U.S. at 837; *see also Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) ("[T]he conduct for which liability attaches must be more culpable than mere

7

negligence; it must demonstrate deliberateness tantamount to intent to punish.") (citations omitted).

Under the circumstances, the court finds that plaintiff's allegations of a denial of medical care fail to satisfy either the objective or subjective components of the *Estelle* standard. Assuming that plaintiff suffered an injury to her back, there is nothing in the record to suggest it was sufficiently serious as to rise to the level of a serious medical need. In addition, the twenty minute delay in the arrival of the ambulance and the allegation that plaintiff did not receive Tylenol or ibuprofen for pain during her six days in the Grainger County Detention Facility, without more, does not constitute a deliberate indifference to a serious medical need. *See Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001). "Specifically, we adopt the holding in *Hill* that '[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Id*. at 742 (quoting *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir. 1994)). *See also Rumsey v. Martin*, 28 Fed.Appx. 500, 502 (6th Cir. 2002) (plaintiff inmate did not submit "medical evidence which clearly show[ed] that his condition deteriorated because of a delay in filling his prescriptions").

With respect to plaintiff's allegation that she was improperly denied bond, plaintiff alleges that Chief Andy Dossett placed an improper hold on her release. Plaintiff also alleges that Marilyn Messer conspired with Dossett to prevent plaintiff from making bond by falsely

8

stating that plaintiff had made threats against Ms. Messer. Ms. Messer was apparently a witness against plaintiff in a pending drug case.

In support of his motion for summary judgment, Andy Dossett has produced evidence that on October 6, 2006, General Sessions Judge Joe W. Wolfenbarger advised the Grainger County General Sessions Court Clerk that plaintiff was to be held without bond; plaintiff was released on bond on October 12, 2006, by the General Sessions Judge. [Court File No. 128, Exhibit 2, Affidavit of Chief Andy Dossett; Exhibit 3, Affidavit of Deputy Clerk Lisa Loveday; Exhibit 4, Affidavit of General Sessions Clerk Rhonda Reagan].

Plaintiff has not filed a response to Andy Dossett's motion for summary judgment and the court deems plaintiff to have waived her opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. The court finds that Andy Dossett and Marilyn Messer are entitled to judgment as a matter of law on this issue.

Based upon the foregoing, the motions for summary judgment filed by Elizabeth Winstead [Court File No. 41], Adam Morgan [Court File No. 45], Robbie Rich [Court File No. 48], Danny Lamb [Court File No. 52], Marilyn Messer [Court File No. 56], T.J. Holt [Court File No. 60], Trenedy Brooks [Court File No. 64], Troy Bernard [Court File No. 68], James Harvell [Court File No. 72], and Andy Dossett [Court File No. 128] will be **GRANTED**.

The court having granted the motions for summary judgment filed by the individual defendants, that leaves Grainger County, Tennessee, and Sheriff James Harvell in his official

capacity as the sole remaining defendants. A suit under § 1983 against a county official in his or her official capacity is in fact a suit against the county itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Grainger County, Tennessee, is a defendant in this action and thus is the proper party to address plaintiff's claims against the Sheriff Harvell in his official capacity. For that reason, plaintiff will be **ORDERED** to **SHOW CAUSE** why this action should not be dismissed as to Sheriff James Harvell in his official capacity.

A municipality may be liable under 42 U.S.C. § 1983 for constitutional violations which result from acts representing official policy of the governmental entity. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989). A municipality may also be liable under § 1983 for a failure to train municipal employees. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id*. at 388. *See also Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). "However, a municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of respondeat superior is inapplicable." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)

Plaintiff alleges that Grainger County, Tennessee, failed to properly train and supervise the jail employees. The court having found that the individual defendants were not

deliberately indifferent to plaintiff's serious medical needs, however, the court is hard-pressed to understand why this case should not be dismissed as to Grainger County, Tennessee. Accordingly, plaintiff will be **ORDERED** to **SHOW CAUSE** why Grainger County, Tennessee, should not be dismissed as a defendant.

IV.    <u>Conclusion</u>

The motions for summary judgment filed by Elizabeth Winstead, Adam Morgan, Robbie Rich, Danny Lamb, Marilyn Messer, T.J. Holt, Trenedy Brooks, Troy Bernard, James Harvell, and Andy Dossett will be **GRANTED**. Plaintiff will be **ORDERED** to **SHOW CAUSE**, within twenty (20) days of the entry of this Memorandum, why this action should not be dismissed as to Grainger County, Tennessee, and Sheriff James Harvell in his official capacity.

**AN APPROPRIATE ORDER WILL ENTER.**

_____s/ Thomas W. Phillips_____
United States District Judge